UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WESTERN REMAN INDUSTRIAL, INC., )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION NO. 3:11CV8PS |

## CONSENT DECREE

### I. BACKGROUND

A. United States of America ("United States"), acting at the request of the United States Air Force ("Air Force"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), against Western Reman Industrial, Inc. ("Settling Defendant") seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances on or about about Building 190 at the former Grissom Air Force Base located in Peru, Miami County, Indiana (the "Site").

B. The Settling Defendant does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C. The United States and Settling Defendant ("Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between

1

the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.  This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Parties under this Consent Decree.

## IV. DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or the appendix attached hereto, the following definitions shall apply:

    a.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b. "Consent Decree" shall mean this Consent Decree and the appendix attached hereto. In the event of conflict between this Consent Decree and the appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "Due Date" shall mean 30 days after the entry of this Consent Decree by the Court.

f. "Federal Contract" shall mean any prime contract, subcontract, or any other agreement transferring value between Settling Defendant and a department, agency, or instrumentality of the United States, including but not limited to, contracts for goods or services, grants, and cooperative agreements, regardless of whether the Settling Defendant is a prime contractor or subcontractor.

g. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

h. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

i. "Parties" shall mean the United States and Settling Defendant.

j. "Plaintiff" shall mean the United States.

k. "Response Costs" shall mean all costs of response as provided in Section 107(a)(1-4)(A), (B) and (D) of CERCLA, 42 U.S.C. § 9607(a)(1-4)(A), (B) and (D), and as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), that the United States (including the Air Force, or DOJ on behalf of the Air Force) or any other person (including Settling Defendant) has incurred in the past or will incur in the future with respect to the Site.

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m. "Settling Defendant" shall mean Western Reman Industrial, Inc.

n. "Site" shall mean land and buildings located at 1175 North Hoosier Boulevard, Peru, Indiana, referred to as Building 190 on the former Grissom Air Force Base, and shown on the map included in Appendix A.

o. "United States" shall mean the United States of America, including all of its departments, agencies and instrumentalities. The Air Force is an instrumentality of the United States for the purposes of this Consent Decree.

p. "United States Air Force" or "Air Force" shall mean the United States Air Force and any of its instrumentalities, including but not limited to the Air Force Real Property Agency.

## V. PAYMENT OF RESPONSE COSTS

4. <u>Payment of Response Costs to the Air Force</u>. Settling Defendant shall pay to the Air Force $300,000 by the Due Date.

4

5.	Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the Environmental Restoration Account, Air Force in accordance with EFT instructions provided to Settling Defendant by the United States Air Force following lodging of the Consent Decree.

6.	At the time of payment, Settling Defendant shall also send written notice by regular mail, return receipt requested, or by overnight delivery, that payment has been made to the Air Force and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference DOJ case number 90-11-2-09273, and the civil action number.

7.	The total amount to be paid pursuant to Paragraph 4 shall be deposited by the United States Air Force in the Air Force's Environmental Restoration Account in accordance with 10 U.S.C. § 2703(e).

## VI. **FAILURE TO COMPLY WITH CONSENT DECREE**

8.	<u>Interest on Late Payments</u>. If Settling Defendant fails to make any payment under Paragraph 4 (Payment of Response Costs) by the Due Date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.	<u>Stipulated Penalty</u>.

	a.	If any amounts due under Paragraph 4 are not paid by the Due Date, Settling Defendant shall be in violation of this Consent Decree and shall pay to the Air Force, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $1,000 per day that such payment is late.

	b.	Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the Air Force. All payments under this Paragraph shall be identified as "stipulated penalties" and shall be made pursuant to instructions to be provided by the

Air Force.

c. At the time of each payment, Settling Defendant shall also send written notice by regular mail, return receipt requested, or by overnight delivery, that payment has been made to the Air Force and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference DOJ Case Number 90-11-3-09273, and the civil action number.

d. Penalties shall accrue as provided in this Paragraph regardless of whether the Air Force notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

10. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

13. <u>Covenant Not to Sue by United States</u>. Except as specifically provided in Section

VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), or Section 113 of CERCLA, 42 U.S.C. § 9613, to recover Response Costs. This covenant not to sue shall take effect upon receipt by the Air Force of all payments required by Section V, Paragraph 4 (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendantand does not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. liability, based upon Settling Defendant's ownership or operation of the Site, or upon Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant;

    c. criminal liability;

    d. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

e. liability arising from past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

15. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or its contractors or employees, with respect to Response Costs or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site, including any claim under the United States Constitution, the Constitution of the State of Indiana, the Tucker Act, 28 U.S.C. §1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607 and 9613, relating to Response Costs.

16. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

17. Settling Defendant's Warranty Against Recovery Under a Federal Contract. Settling Defendant hereby warrants that it has not sought or received, and shall not in the future seek or receive, any recovery for Response Costs, including but not limited to the money paid pursuant to Paragraph 4, under a Federal Contract.

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

17. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

18. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all Response Costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Settling Defendant coming within the scope of such reservations.

19. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify the Air Force and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify the Air Force and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify the Air Force and DOJ

9

within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

20. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI. RETENTION OF RECORDS

21. Until two (2) years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

22. After the conclusion of the 2-year document retention period in the preceding paragraph, Settling Defendant shall notify the Air Force and DOJ at least 90 days prior to the destruction of any such records, and, upon request by the Air Force or DOJ, Settling Defendant shall deliver any such records to the Air Force. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the

title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the Air Force pertaining to the Site shall be withheld on the grounds that they are privileged.

23. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States, and that it has fully complied with any and all requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XII. NOTICES AND SUBMISSIONS

24. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the Air Force, DOJ, and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-09273)
P.O. Box 7611
Washington, D.C. 20044-7611

As to the Air Force:

Chief, Litigation Center
Air Force Environmental Law and Litigation Division
AFLOA/JACE
112 Luke Avenue, Suite 343
Bolling AFB DC 20032

As to Settling Defendant:

Global Director, Environment, Health and Safety
Remy International, Inc.
600 Corporation Drive
Pendleton, IN 46064

## XIII. RETENTION OF JURISDICTION

25. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION/APPENDICES

26. This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree:

12

"Appendix A" is the map of the Site.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

27. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

28. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any dispute between the Parties.

## XVI. SIGNATORIES/SERVICE

29. The undersigned representative of the Settling Defendant to this Consent Decree and the Deputy Chief of the Environmental Enforcement Section of the United States Department of Justice each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

30. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

31. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set

forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII. FINAL JUDGMENT

32. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED.

Date: 5/27/2011

s/Philip P Simon

UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Western Reman Industrial, Inc.</u>, relating to Building 190 of the former Grissom Air Force Base.

FOR THE UNITED STATES OF AMERICA:

Date: 1/3/11

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources
 Division
United States Department of Justice

Date: 1/3/2011

KRISTIN M. FURRIE
Environmental Enforcement Section
Environment and Natural Resources
 Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 616-6515
Facsimile: (202) 616-6584
kristin.furrie@usdoj.gov

15

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Western Reman Industrial, Inc.</u>, relating to Building 190 of the former Grissom Air Force Base.

Date: *January 6, 2011*

DAVID CAPP
United States Attorney
Northern District of Indiana

*Wayne T. Ault*
WAYNE T. AULT
Assistant U.S. Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219) 937-5500
wayne.ault@usdoj.gov

16

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Western Reman Industrial, Inc.</u>, relating to Building 190 of the former Grissom Air Force Base.

FOR DEFENDANT WESTERN REMAN INDUSTRIAL, INC.:

Date: 12-17-10

Reed D. Rubinstein, Esq. as
Counsel for Western Reman Industrial, Inc.

17